Charles E. Slyngstad (SBN 89103)
E-mail: cslyngstad@bwslaw.com
Brian S. Ginter (SBN 265786)
E-mail: bginter@bwslaw.com
Kyle Anne Piasecki (SBN 311961)
E-mail: kpiasecki@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, 40th Floor
Los Angeles, California 90071-2953
Tel: 213.236.0600    Fax: 213.236.2700

Attorneys for Defendant
CITY OF LOS ANGELES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JONATHAN PELTZ and KATHLEEN GALLAGHER,<br><br>        Plaintiffs,<br><br>    v.<br><br>CITY OF LOS ANGELES, a municipal entity; CHIEF MICHEL MOORE, a public entity, and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No. 2:22-CV-03106-HDV(AGRx)<br><br>**OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE RELATED TO THE PROBABLE CAUSE FOR KATHLEEN GALLAGHER'S ARREST**<br><br><u>Hearing:</u><br><br>Date: April 24, 2025<br>Time: 10:00 a.m.<br>Ctrm.: 5B |

## I.    INTRODUCTION AND STATEMENT OF FACTS

Plaintiffs claim that without producing Officer Michelle Lopez, Defendant did not "produce any discovery, evidence, or testimony regarding the probable cause for Plaintiff[ Gallagher's] arrest." This is untrue. Defendant produced in discovery evidence that protesters spray painted city property, surrounded and attacked and damaged a sound truck, and shined a laser into an officer's eyes. These facts are undisputed. [Dkt. 64-3 at 2, 3.] Defendant will also present evidence that the crowd used numerous high intensity strobe lights, directly aiming them at officers on the

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4905-7898-0151 v1

1

Case No. 2:22-CV-03106-HDV(AGRx)
OPPOSITION TO PLAINTIFFS'
MOTION IN LIMINE NO. 1

skirmish line—many from only a couple feet away. This is captured on video produced in discovery along with comments from the crowd such as "how do you like the lights on you?" and "[get or look] them in the fucking eyes," along with other evidence that the strobe lights were purposely aimed at the officers' eyes. As testified to at deposition by Captain Richard Stabile, the strobe lights had a blinding effect on the officers, and their impaired vision inhibited their ability to do their jobs, i.e. observe the crowd and defend themselves. Defendant will present evidence that the high powered strobe lights had a disorienting and dizzying effect on the officers, and that officers on the skirmish line asked to be relieved due to the strobe lights. Defendant will also present evidence that objects (full soda can, full and frozen water bottles, and glass bottles were thrown by members of the crowd). Multiples officers, **as well as Plaintiff Peltz**, testified to objects being thrown at the skirmish line. It is undisputed that an amplified announcement was made directing the crowd to back away from the officers and to stop flashing lights and warning the crowd that an unlawful assembly would be declared if the crowd continued to act unlawfully. [Dkt. 64-3 at 5.] It is undisputed that the crowd did not comply with these orders. [*Id*.] Defendant will further present evidence that arrest teams were organized to target and detain the individuals who were using strobe lights, but the protesters at the front of the crowd locked their arms together and unlawfully prevented officers from accessing the crowd behind them. Plaintiff Peltz testified to seeing the crowd link arms.

     Captain Stabile will testify that he made the decision to declare an unlawful assembly. It is undisputed (and records show) that between approximately 7:30 p.m. and 8:10 p.m., the dispersal order: was read from a sound truck no less than five times in English and Spanish, directed people to leave the area, gave exit routes, warned that everyone who failed to disperse would be subject to arrest, and provided

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4905-7898-0151 v1

2

Case No. 2:22-CV-03106-HDV(AGRx)
OPPOSITION TO PLAINTIFFS'
MOTION IN LIMINE NO. 1

the Crespo Area location.[1] [Dkt. 64-3 at 6.] Video evidence produced during discovery shows that after the dispersal orders, many people remained, and the strobe lights continued to be used. **Both Plaintiffs** testified about an officer with a bullhorn walking amongst them repeatedly directing members of the media to immediately disperse to the north. Plaintiffs' complaint also states that they knew LAPD was telling reporters to go to the media staging area. [Compl. ¶ 37.] When the crowd did not disperse, Captain Stabile ordered the skirmish line to push the crowd north in another attempt to disperse them, and the crowd responded by linking arms, which prevented any movement north.[2] It is undisputed that both Plaintiffs knew the dispersal order was given and did not obey the dispersal order by leaving the area. [Dkt 64-3 at 8.] It is undisputed that at approximately 8:15 p.m., Captain Stabile declared everyone in the crowd under arrest for violation of California Penal Code section 409 - Failure to Disperse. [Dkt. 64-3 at 8.] Plaintiffs testified that they were still in the area where the unlawful assembly was declared at the time arrests began, and it is further undisputed that officers arrested people in this area who failed to obey the dispersal orders. [Dkt. 64-3 at 9.] In sum, all of the above supports a finding of probable cause for Plaintiff Gallagher's arrest.

Plaintiffs now assert that because they did not depose Officer Lopez (the officer Plaintiffs now believe handcuffed Ms. Gallagher), the overwhelming evidence supporting probable cause for Plaintiff Gallagher's arrest (including, her own testimony) should be excluded and that Defendant should be precluded *from even making the argument* that there was probable cause for her arrest.[3] Oddly,

---

[1] Plaintiffs dispute whether the Crespo location had an adequate view, but that dispute is immaterial to the issues to be tried.

[2] Plaintiffs do not dispute that the crowd linked arms but erroneously assert (without any citation to supportive evidence) that the LAPD was also preventing movement north at this time. [Dkt. 64-3 at 7.]

[3] To the extent Plaintiffs are attempting to adjudicate the issue of probable cause, a

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4905-7898-0151 v1

3

Case No. 2:22-CV-03106-HDV(AGRx)
OPPOSITION TO PLAINTIFFS'
MOTION IN LIMINE NO. 1

Plaintiffs also move to exclude Officer Lopez from testifying, though Defendant did not name Officer Lopez on the joint witness list.[4] [Dkt. 78.]

## II. ARGUMENT

### A. Plaintiffs' Cited Authority Does Not Support The Relief They Are Requesting And, In Fact, Supports Defendant's Position.

In *Dubner*, the lower court dismissed the plaintiff's claim against individual officers because she could not identify her arresting officer and therefore could not prove the arrest was unlawful. *Dubner v. City and Cnty. of San Francisco*, 266 F.3d 959, 964 (C.A.9 (Cal.), 2001). Unlike Plaintiff Gallagher, the plaintiff in *Dubner* did not know who arrested her. *Id*. at 963. The Ninth Circuit found that the plaintiff did not need to prove the identify of her arresting officer because, "[a]lthough the plaintiff bears the burden of proof on the issue of unlawful arrest, she can make a prima facie case simply by showing that the arrest was conducted without a valid warrant. At that point, the burden shifts to the defendant to provide some evidence that the arresting officers had probable cause for a warrantless arrest." *Id* at 965. The court then stated

> Probable cause exists when, under the totality of the circumstances known to the arresting officers (**or within the knowledge of the other officers at the scene**), a prudent person would believe the suspect had committed a crime . . . This is an unusual case because we cannot determine what the arresting officers knew at the time. Therefore, **we must piece together the totality of circumstances known to the officers at the scene based on their testimony, [the plaintiff's] own testimony, and the undisputed facts at trial**.

*Id*. at 966 (emphasis added) (internal citation omitted). Defendant intends to do just

---

motion in limine is not the appropriate vehicle for doing so. *See Sunset Landmark Investment, LLC v. Chubb Custom Insurance Company*, No. CV 17-4021-MWF (MRWx), 2019 WL 4451229, *3 (C.D. Cal. May 16, 2019).

[4] It should be noted that, with the exception of Chief Michel Moore who was dismissed, Plaintiffs did not name any individual officers as defendants, including Plaintiff Peltz's arresting officer, Officer Wolleck, who they did depose. [Dkt. 35.] Defense counsel never represented Officer Lopez.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4905-7898-0151 v1

4

Case No. 2:22-CV-03106-HDV(AGRx)
OPPOSITION TO PLAINTIFFS'
MOTION IN LIMINE NO. 1

that—present the totality of circumstances known to the officers at the scene based on their testimony, the Plaintiffs' own testimony, and other evidence.

### B. Plaintiffs Were Aware of Officer Lopez's Name and Badge Number As of March 25, 2021

Plaintiff Gallagher received a Notice to Appear on the date of her arrest, March 25, 2021. Ex. A. Both parties produced this Notice during discovery; Plaintiff Gallagher produced it in October 2022. This Notice states Plaintiff Gallagher's arresting officer was M. Lopez, badge number 33482. *Id*. It also states Ms. Gallagher was arrested for violation of "409 PC Remained at scene after police declared an unlawful assembly." *Id*. The Notice is signed by Plaintiff Gallagher. *Id*. In July 2023, Plaintiff Gallagher identified "LAPD Officer Michelle Lopez [badge number]" in her interrogatory response as her arresting officer. [Dkt. 64-17 at 5.] Also in July 2023, the parties filed a joint stipulation to extend time to add parties which identified Officer Lopez as Plaintiff Gallagher's arresting officer. [Dkt. 50.] Plaintiffs also named Officer Lopez in their Rule 26 disclosures. Further, in response to defense counsel asking Plaintiff Gallagher to describe the officer who arrested her, she testified: "I saw that her badge said Lopez. She was a Latina woman who was, I think, a little bit shorter than me with dark hair . . ." She also testified that Officer Lopez filled in her (Gallagher's) personal information on a card and told her she was being arrested because the "[police] issued a dispersal order, and [she] did not leave." [Dkt. 64-14 at 30 of 33:14-31:15.] In other words, **it is undisputed that Plaintiff Gallagher knew her arresting officer was Officer Lopez and had her badge number no later than March 25, 2021**.

Plaintiffs claim that they "never had the chance to depose" Officer Lopez. Plaintiffs filed their complaint on May 9, 2022, but according to their brief, did not attempt to contact the LAPD for Officer Lopez's whereabouts until mid-August 2023, when she was apparently on leave. [Dkt. 82 at 5 of 9:3-5.] Plaintiffs describe making calls to the LAPD to determine if Officer Lopez was back from leave

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4905-7898-0151 v1

5

Case No. 2:22-CV-03106-HDV(AGRx)
OPPOSITION TO PLAINTIFFS'
MOTION IN LIMINE NO. 1

between August 31 and October 2023. [*Id*. at 5:7-22.] The discovery cut-off was March 2024. [Dkt 56.] Plaintiffs do not claim that they ever actually served a subpoena on Officer Lopez at any point in time. The supporting declaration states only that they called the LAPD to ascertain Officer Lopez's whereabouts and then leave status. [Dkt. 82-1 at 2.]

### C. **Plaintiffs Make Spurious Claims and Misleading Comments.**

Plaintiffs falsely claim that Defendant "took the position" and "misled Plaintiffs by claiming" Officer Leslie Brenner arrested Plaintiff Gallagher. Plaintiffs notably provide no evidence to support this assertion. Plaintiffs refer to Officer Wolleck's testimony, in which he stated he approached Plaintiff Peltz with Sgt. Brenner, he recalled Plaintiffs Gallagher and Peltz were standing together, "[t]herefore [he] deduct[ed] that they would have been taken into custody at the same time," and he "believe[d]" Sgt. Brenner arrested Plaintiff Gallagher. Plaintiffs' Ex. 10 at 154:8-21. Officer Wolleck is not a named defendant. He also was not deposed as a 30(b)(6) witness and therefore was not testifying on behalf of the City. His testimony as to what he recalled, deduced, and believed regarding someone else's arrest over two years prior does not represent the City's position, nor does it insinuate the City was purposely misleading Plaintiffs.

Plaintiffs note that Officer Lopez was not included on Joint Rule 26(f) Reports. As *joint* reports, Plaintiff had the opportunity to add Officer Lopez and Officer Wolleck, given Plaintiffs were aware of these names, but they did not do so.

Plaintiffs take issue with Defendant's August 18, 2022 Initial Disclosures but fail to mention that Defendant identified, amongst others, "Officers of the Los Angeles Police Department identified in Personnel Check-In Lists and Activity Logs relating to the events occurring on March 25, 2021 in the area of Echo Park Lake . . ." Plaintiffs' Ex. 2. Defendant produced these Check-In Lists and Activity Logs as part of discovery.

Plaintiffs further take issue with Defendant's responses to Interrogatories

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4905-7898-0151 v1

6

Case No. 2:22-CV-03106-HDV(AGRx)
OPPOSITION TO PLAINTIFFS'
MOTION IN LIMINE NO. 1

Nos. 1 and 3. In regards to the January 16, 2024 letter, Plaintiffs assert that they limited Interrogatory No. 1 to refer to Plaintiffs, which is untrue. [Dkt. 82 at 5:28, Plaintiff's Ex. 13 at 1.] In the letter, Plaintiffs' materially changed the request in Interrogatory No. 1 to identify every City employee who "interacted with" a journalist, including self-identifying journalists, along with their job title and a description of the interaction. From defense counsel's notes of the meet and confer call following this letter, defense counsel noted that the request was materially changed, "interacted with" is vague, and the request was overbroad and unduly burdensome as it would now require review of everyone's body-worn camera footage over the course of the day. From defense counsel's notes, Plaintiffs' counsel agreed to limit the request, however, Plaintiffs' counsel did not contact Defendant regarding this interrogatory again.

For Interrogatory No. 3, Defendant provided the police station "to which [Officer Lopez] was most recently assigned." Plaintiffs' Ex. 12. While Plaintiffs claim this is an address they already had, they did not seek to compel Officer Lopez's personal home address.

### D. Plaintiffs Should Also Be Limited to Their Disclosures

To the extent Plaintiffs are claiming that the parties are limited to their discovery responses, *they should apply the same standards to themselves*. Plaintiffs presented numerous arguments and documents for the first time in opposition to summary judgment that would have been responsive to Defendant's discovery requests. For instance, Plaintiffs claimed for the first time in their opposition that there was a failure to train its officers to 1) adequately plan for protests, 2) take a "proactive approach," and 3) isolate small violent groups from larger peaceful protestors. Plaintiffs never before alleged that the City failed to train its officers regarding these things. Their discovery responses also made no attempt to describe the same or similar prior incidents to show a specific unlawful custom and practice, despite discovery requests for facts and documents in support of their *Monell* claim.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4905-7898-0151 v1

7

Case No. 2:22-CV-03106-HDV(AGRx)
OPPOSITION TO PLAINTIFFS'
MOTION IN LIMINE NO. 1

[Dkt. 64-17 at 8 (Response to Interrogatory No. 10); Dkt. 64-18 at 8 (Response to Interrogatory No. 10]. As another example, while Plaintiffs relied on the Chaleff Report in their opposition to Defendant's motion for summary judgment to make these claims, they did not include information from the "Chaleff Report" in their discovery responses or produce this report/evidence in this report, again, despite discovery requests for information and documents in support of their *Monell* claim. [*Id*.]

## III. CONCLUSION

Based on the foregoing, Defendant respectfully requests that Plaintiffs' Motion in Limine No. 1 be denied.

Dated: April 17, 2025         BURKE, WILLIAMS & SORENSEN, LLP

By:   /s/ *Kyle Anne PIasecki*
Charles E. Slyngstad
Brian S. Ginter
Kyle Anne Piasecki
Attorneys for Defendant
CITY OF LOS ANGELES

## CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Defendants certifies that this brief contains 2,467 words, which complies with the word limit of L.R. 11-6.1.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4905-7898-0151 v1

8

Case No. 2:22-CV-03106-HDV(AGRx)
OPPOSITION TO PLAINTIFFS'
MOTION IN LIMINE NO. 1

Dated: April 17, 2025

BURKE, WILLIAMS & SORENSEN, LLP

By: _/s/ Kyle Anne Piasecki_
   Charles E. Slyngstad
   Brian S. Ginter
   Kyle Anne Piasecki
   Attorneys for Defendant
CITY OF LOS ANGELES

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4905-7898-0151 v1

9

Case No. 2:22-CV-03106-HDV(AGRx)
OPPOSITION TO PLAINTIFFS'
MOTION IN LIMINE NO. 1

# EXHIBIT "A"

