1  Charles E. Slyngstad (SBN 89103)
   E-mail:  cslyngstad@bwslaw.com
2  Brian S. Ginter (SBN 265786)
   E-mail:  bginter@bwslaw.com
3  Kyle Anne Piasecki (SBN 311961)
   E-mail:  kpiasecki@bwslaw.com
4  BURKE, WILLIAMS & SORENSEN, LLP
   444 South Flower Street, 40th Floor
5  Los Angeles, California 90071-2953
   Tel:  213.236.0600 Fax:  213.236.2700
6
7  Attorneys for Defendant
   CITY OF LOS ANGELES

8                UNITED STATES DISTRICT COURT

9       CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10

11 | JONATHAN PELTZ and KATHLEEN    | Case No. 2:22-CV-03106-HDV(AGRx)
12 | GALLAGHER,                     |
   |                                | **DEFENDANT'S PROPOSED**
13 |            Plaintiffs,         | **DISPUTED JURY INSTRUCTIONS**
14 |       v.                       | Final Pre-Trial Conference:
15 | CITY OF LOS ANGELES, a municipal | Date: April 29, 2025
   | entity; CHIEF MICHEL MOORE, a  | Time: 10:00 a.m.
16 | public entity, and DOES  1 through 10, | Dept.: 5B
   | inclusive,                     |
17 |                                |
18 |            Defendants.         |

19

20

21

22

23

24

25

26

27

28

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4937-6079-1607 v1

1

Case No. 2:22-CV-03106-HDV(AGRx)
DEFENDANT'S PROPOSED DISPUTED
JURY INSTRUCTIONS

1    **TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF**

2    **RECORD:**

3        Defendant City of Los Angeles hereby submits its Proposed Disputed Jury

4    Instructions in accordance with the Court's Civil Trial Order.

5

6    Dated: April 17, 2025            BURKE, WILLIAMS & SORENSEN, LLP

7

8

9                          By:   /s/ *Brian S. Ginter*

10                              Charles E. Slyngstad

11                              Brian S. Ginter

12                              Kyle Anne Piasecki
                                Attorneys for Defendant
                                CITY OF LOS ANGELES

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4937-6079-1607 v1

2

Case No. 2:22-CV-03106-HDV(AGRx)
DEFENDANT'S PROPOSED DISPUTED
JURY INSTRUCTIONS

| Instruction Number | Title | Source | Page Number |
|---|---|---|---|
| | Particular Rights – First Amendment – "Citizen" Plaintiff | Ninth Cir. Manual of Model Jury Instructions § 9.11; *Ballentine v. Tucker*, 28 F.4th 54, 62 (9th Cir. 2022); *Nieves v. Bartlett*, 587 U.S. 391, 400 (2019); *Gonzalez v. Trevino*, 602 U.S. 653, 658 (2024) | 5 - 6 |
| | Particular Rights – Fourth Amendment – Unreasonable Seizure of Person – Probable Cause Arrest | Ninth Cir. Manual of Model Civil Jury Instructions § 9.23. | 8 |
| | Dispersal Orders | *Cervantes v. San Diego Police Chief Shelley Zimmerman*, No. 17-CV-01230-BAS-AHG, 2020 WL 5759752, at *7-9 (S.D. Cal. Sept. 28, 2020), *aff'd sub nom. Ramirez v. Zimmerman*, No. 20-56117, 2021 WL 5104371 (9th Cir. Nov. 3, 2021); *Puente v. City of Phoenix*, 123 F.4th 1035, 1062 (9th Cir. 2024). | 10 |
| | Application of Dispersal Order | *Dubner v. City and Cty. of San Francisco*, 266 F.3d 959, 967 (9th Cir. 2001); *Cervantes v. San Diego Police Chief Shelley Zimmerman*, No. 17- | 12 |

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4937-6079-1607 v1

3

Case No. 2:22-CV-03106-HDV(AGRx)
DEFENDANT'S PROPOSED DISPUTED
JURY INSTRUCTIONS

| Instruction Number | Title | Source | Page Number |
|---|---|---|---|
| | | CV-01230-BAS-AHG, 2020 WL 5759752, at *8, 13 (S.D. Cal. Sept. 28, 2020), *aff'd sub nom. Ramirez v. Zimmerman*, No. 20-56117, 2021 WL 5104371 (9th Cir. Nov. 3, 2021); *Puente v. City of Phoenix*, 123 F.4th 1035, 1062 (9th Cir. 2024). | |

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Los Angeles

4937-6079-1607 v1

4

Case No. 2:22-CV-03106-HDV(AGRx)
DEFENDANT'S PROPOSED DISPUTED
JURY INSTRUCTIONS

**[PROPOSED] INSTRUCTION NO. ____**

**Particular Rights—First Amendment— "Citizen" Plaintiff**

The plaintiff has the burden of proving that the acts of the defendant City of Los Angeles deprived the plaintiff of particular rights under the United States Constitution.  In this case, Plaintiffs Jonathan Peltz and Kathleen Gallagher allege Defendant City of Los Angeles deprived them of rights under the First Amendment to the Constitution when Defendant arrested them.

Under the First Amendment, a citizen has the right to free speech.  To establish that the defendant deprived the plaintiff of this First Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1.      the plaintiff was engaged in a constitutionally protected activity at the time the plaintiff was arrested;

2.      the defendant's actions against the plaintiff would chill a person of ordinary firmness from continuing to engage in the protected activity;

3.      the plaintiff's protected activity was a substantial or motivating factor in the defendant's conduct; and

4.      the defendant's police officers did not have probable cause to arrest the plaintiff for failure to disperse. If the defendant proves there was probable cause to arrest the plaintiff for failure to disperse, the plaintiff presents objective evidence that the defendants' police officers typically exercise their discretion not to do so.

I instruct you that writing articles that are critical of police is protected under the First Amendment.

A substantial or motivating factor is a significant factor, though not necessarily the only factor.

If the plaintiff establishes each of the foregoing elements, the burden shifts to the defendant to prove by a preponderance of the evidence that the defendant would have taken the action(s) in question, even in the absence of any motive to retaliate

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4937-6079-1607 v1                                    5                    Case No. 2:22-CV-03106-HDV(AGRx)
DEFENDANT'S PROPOSED DISPUTED
JURY INSTRUCTIONS

against the plaintiff.  If you find that the defendant is able to demonstrate this, you must find for the defendant.  If you find that the defendant is not able to demonstrate this, you must find for the plaintiff.

**Authority:**

Ninth Cir. Manual of Model Civil Jury Instructions § 9.11 (2017 Edition) (Last Updated November 2024); Comment ("Within the context of First Amendment retaliatory arrest claims, plaintiffs must generally plead and prove the absence of probable cause, because the presence of probable cause generally speaks to the objective reasonableness of an arrest and suggests that the officer's animus is not what caused the arrest. *Ballentine v. Tucker*, 28 F.4th 54, 62 (9th Cir. 2022) (internal quotation marks omitted) (quoting *Nieves v. Bartlett*, 587 U.S. 391, 400 (2019)). However, the Supreme Court has carved out a narrow exception for cases where officers have probable cause to make arrests, but typically exercise their discretion not to do so, *Ballentine*, 28 F.4th at 62 (internal quotation marks omitted) (quoting *Nieves*, 587 U.S. at 406). *See also Gonzalez v. Trevino*, 602 U.S. 653, 658 (2024) (reversing the Fifth Circuit and explaining that to fall within the *Nieves* exception a plaintiff must produce objective evidence showing that in circumstances where officers have probable cause to make arrests, they "typically exercise their discretion not to do so) (internal quotation marks omitted).

**Defendant's Position:**

The requested instruction is a correct statement of the law and is not argumentative. The instruction follows Ninth Circuit Model Instruction No 9.11 where applicable, and tailors the instruction to the particular facts of the case (i.e., Plaintiffs' claim their arrest was retaliatory because they previously authored articles that are critical of police).

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Los Angeles

4937-6079-1607 v1

6

Case No. 2:22-CV-03106-HDV(AGRx)
DEFENDANT'S PROPOSED DISPUTED
JURY INSTRUCTIONS

1  **Plaintiffs' Position:**

2      Defendant's modifications to Ninth Circuit Model Instruction 9.11 are

3  inadequate for Plaintiffs' First Amendment retaliatory speech claim.

4      The added sentence in Defendant's proposed jury instruction in element 4 –

5  "If the defendant proves there was probable cause to arrest the plaintiff for failure to

6  disperse, the plaintiff presents objective evidence that the defendants' police officers

7  typically exercise their discretion not to do so" – does not adequately address the

8  holding in *Ballentine v. Tucker*, 28 F.4th 54, 62 (9th Cir. 2022) (quoting *Nieves v.*

9  *Bartlett*, 587 U.S. 391, 400 (2019).

10      In *Ballentine*, the Ninth Circuit instructed that the "plaintiff [can] present[]

11  objective evidence that he was arrested when otherwise similarly situated

12  individuals *not engaged in the same sort of protected speech had not been*.'" *Id.* at

13  407.  It is crucial to instruct the jury that Plaintiffs can meet their burden of

14  establishing a First Amendment retaliatory arrest claim by providing objective

15  evidence that Defendant's officers that exercised their discretion to avoid arresting

16  other journalists whose news organizations did not express the same harsh anti-

17  police rhetoric compared to the Plaintiffs' news organization. A general instruction

18  about officers "typically exercise their discretion not to do so" is inadequate to

19  instruct the jury on retaliatory arrest based on the content of the reporting of

20  Plaintiffs' news organization and Plaintiffs as individuals.

21

22

23

24

25

26

27

28

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4937-6079-1607 v1

7

Case No. 2:22-CV-03106-HDV(AGRx)
DEFENDANT'S PROPOSED DISPUTED
JURY INSTRUCTIONS

# [PROPOSED] INSTRUCTION NO. _____

## Particular Rights—Fourth Amendment—Unreasonable
## Seizure of Person—Probable Cause Arrest

In general, a seizure of a person by arrest without a warrant is reasonable if the arresting officer[s] had probable cause to believe the plaintiff has committed or was committing a crime.

In order to prove the seizure in this case was unreasonable, the plaintiff must prove by a preponderance of the evidence that he or she was arrested without probable cause.

"Probable cause" exists when, under all of the circumstances known to the officer[s] at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime.

Although the facts known to the officer are relevant to your inquiry, the officer's intent or motive is not relevant to your inquiry.

Under California law, it is a crime when two more persons assemble together to do an unlawful act, or do a lawful act in a violent, boisterous, or tumultuous manner; or to remain present at the place of any riot, rout, or unlawful assembly after the same has been lawfully warned to disperse.

**Authority:**

Ninth Cir. Manual of Model Civil Jury Instructions § 9.23 (2017 Edition) (Last Updated November 2024)

**Defendant's Position:**

The requested instruction is a correct statement of the law and is not argumentative. The instruction follows Ninth Circuit Model Instruction No 9.23 where applicable, and tailors the instruction to the particular facts of the case by

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Los Angeles

4937-6079-1607 v1                8                Case No. 2:22-CV-03106-HDV(AGRx)
DEFENDANT'S PROPOSED DISPUTED
JURY INSTRUCTIONS

including information about conduct that violates California Penal Code section 409.

**Plaintiffs' Position:**

Defendant's proposed jury instruction will mislead the jury by failing to instruct that Defendant's police officers are restricted by the First Amendment on their ability use Penal Code §§ 407 and 409 to declare an unlawful assembly and order to disperse and order for mass arrest for protests that are non-violent and do not pose a clear and present danger of imminent violence. As this Court observed, "[t]he California Supreme Court has properly narrowed [Penal Code section 407] in accordance with the requirements of the First Amendment, to those assemblies 'which are violent or pose a clear and present danger of imminent violence.'" *Peltz v. City of Los Angeles*, No. 2:22-cv-03106 HDV (AGRx), Dkt. No. 71 (C.D. Cal. Feb. 20, 2025) at 12, quoting *Collins v. Jordan*, 110 F.3d 1363, 1371 (9th Cir. 1996) (emphasis in original) (*In re Brown*, 9 Cal. 3d 612, 623 (1973). As this Court explained, this means that "[a]bsent a clear and present danger of imminent violence … the police are at least required to differentiate between participants and innocent bystanders." *Id*., quoting *Dubner v. City and Cnty of San Francisco*, 266 F.3d 959, 967-68 (9th Cir. 2001). Plaintiffs contend that Defendant did not have probable cause to declare an unlawful assembly during the evening of March 25, 2021 because the protest at issue was not violent and did not pose a clear and present danger of imminent violence. Jurors should be instructed on this First amendment restriction on Penal Code section 407.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4937-6079-1607 v1

9

Case No. 2:22-CV-03106-HDV(AGRx)
DEFENDANT'S PROPOSED DISPUTED
JURY INSTRUCTIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROPOSED INSTRUCTION NO. _____

## Dispersal Orders

A lawful dispersal order by a police officer requires that all persons to whom the order applies leave the area, even if a protest is occurring at the time.

**Authority:**  *Cervantes v. San Diego Police Chief Shelley Zimmerman*, No. 17-CV-01230-BAS-AHG, 2020 WL 5759752, at *7-9 (S.D. Cal. Sept. 28, 2020), *aff'd sub nom. Ramirez v. Zimmerman*, No. 20-56117, 2021 WL 5104371 (9th Cir. Nov. 3, 2021); *Puente v. City of Phoenix*, 123 F.4th 1035, 1062 (9th Cir. 2024).

**Defendant's Position:**

The requested instruction is a correct statement of the law and is not argumentative. The applicable controlling authority, including *Puente v. City of Phoenix*, hold that objective evidence of "clear and present danger" presented by a protest group justifies a decision to declare an unlawful assembly. *Puente*, 123 F.4th at 1062. The instruction is needed to instruct the jury about the bases for the probable cause to arrest Plaintiffs (i.e., Plaintiffs failure to obey a lawful dispersal order subjected them to a lawful arrest) and to inform the jury that dispersal orders are lawful even in a protest situation.

**Plaintiffs' Position:**

Defendant's proposed jury instruction will mislead the jury by failing to instruct the jury that Defendant's police officers are restricted by the First Amendment on their ability use Penal Code §§ 407 and 409 to declare an unlawful assembly and issue an order to disperse and order for a mass arrest for protests that are non-violent and do not pose a clear and present danger of imminent violence. As this Court observed, "[t]he California Supreme Court has properly narrowed [Penal Code section 407] in accordance with the requirements of the First Amendment, to

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4937-6079-1607 v1                    10                    Case No. 2:22-CV-03106-HDV(AGRx)
DEFENDANT'S PROPOSED DISPUTED
JURY INSTRUCTIONS

those assemblies 'which are violent or pose a clear and present danger of imminent violence.'" *Peltz v. City of Los Angeles*, No. 2:22-cv-03106 HDV (AGRx), Dkt. No. 71 (C.D. Cal. Feb. 20, 2025) at 12, quoting *Collins v. Jordan*, 110 F.3d 1363, 1371 (9th Cir. 1996) (emphasis in original) (*In re Brown*, 9 Cal. 3d 612, 623 (1973). As this Court explained, this means that "[a]bsent a clear and present danger of imminent violence … the police are at least required to differentiate between participants and innocent bystanders." *Id*., quoting *Dubner v. City and Cnty of San Francisco*, 266 F.3d 959, 967-68 (9th Cir. 2001).

Plaintiffs contend that Defendant did not have probable cause to declare an unlawful assembly during the evening of March 25, 2021 because the protest at issue was not violent and did not pose a clear and present danger of imminent violence. Jurors should be instructed on this First amendment restriction on Penal Code sections 407 and 409.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4937-6079-1607 v1

11

Case No. 2:22-CV-03106-HDV(AGRx)
DEFENDANT'S PROPOSED DISPUTED JURY INSTRUCTIONS

## PROPOSED INSTRUCTION NO. _____

### Application of Dispersal Order

A lawful dispersal order by a police officer applies to all persons, including members of the protest group and members of the press.

**Authority:**  *Dubner v. City and Cty. of San Francisco*, 266 F.3d 959, 967 (9th Cir. 2001); *Cervantes v. San Diego Police Chief Shelley Zimmerman*, No. 17-CV-01230-BAS-AHG, 2020 WL 5759752, at *8, 13 (S.D. Cal. Sept. 28, 2020), *aff'd sub nom. Ramirez v. Zimmerman*, No. 20-56117, 2021 WL 5104371 (9th Cir. Nov. 3, 2021); *Puente v. City of Phoenix*, 123 F.4th 1035, 1062 (9th Cir. 2024).

**Defendant's Position:**

The requested instruction is a correct statement of the law and is not argumentative. The applicable controlling authority, including *Puente v. City of Phoenix*, hold that objective evidence of "clear and present danger" presented by a protest group justifies a decision to declare an unlawful assembly. *Puente*, 123 F.4th at 1062. The instruction is needed to instruct the jury about the bases for the probable cause to arrest Plaintiffs (i.e., Plaintiffs failure to obey a lawful dispersal order subjected them to a lawful arrest) and to inform the jury that dispersal orders apply to all persons, even members of the press.

**Plaintiffs' Position:**

Defendant's proposed jury instruction will mislead the jury by failing to instruct the jury that Defendant's police officers are restricted by the First Amendment on their ability use Penal Code §§ 407 and 409 to declare an unlawful assembly and issue an order to disperse and order for a mass arrest for protests that are non-violent and do not pose a clear and present danger of imminent violence. As this Court observed, "[t]he California Supreme Court has properly narrowed [Penal

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4937-6079-1607 v1                                    12                        Case No. 2:22-CV-03106-HDV(AGRx)
DEFENDANT'S PROPOSED DISPUTED
JURY INSTRUCTIONS

Code section 407] in accordance with the requirements of the First Amendment, to those assemblies 'which are violent or pose a clear and present danger of imminent violence.'" *Peltz v. City of Los Angeles*, No. 2:22-cv-03106 HDV (AGRx), Dkt. No. 71 (C.D. Cal. Feb. 20, 2025) at 12, quoting *Collins v. Jordan*, 110 F.3d 1363, 1371 (9th Cir. 1996) (emphasis in original) (*In re Brown*, 9 Cal. 3d 612, 623 (1973). As this Court explained, this means that "[a]bsent a clear and present danger of imminent violence … the police are at least required to differentiate between participants and innocent bystanders." *Id.*, quoting *Dubner v. City and Cnty of San Francisco*, 266 F.3d 959, 967-68 (9th Cir. 2001).

Plaintiffs contend that Defendant did not have probable cause to declare an unlawful assembly during the evening of March 25, 2021 because the protest at issue was not violent and did not pose a clear and present danger of imminent violence. Jurors should be instructed on this First amendment restriction on Penal Code sections 407 and 409.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4937-6079-1607 v1

13

Case No. 2:22-CV-03106-HDV(AGRx)
DEFENDANT'S PROPOSED DISPUTED
JURY INSTRUCTIONS