Charles E. Slyngstad (SBN 89103)
E-mail: cslyngstad@bwslaw.com
Brian S. Ginter (SBN 265786)
E-mail: bginter@bwslaw.com
Kyle Anne Piasecki (SBN 311961)
E-mail: kpiasecki@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, 40th Floor
Los Angeles, California 90071-2953
Tel: 213.236.0600 Fax: 213.236.2700

Attorneys for Defendant
CITY OF LOS ANGELES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JONATHAN PELTZ and KATHLEEN GALLAGHER,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES, a municipal entity; CHIEF MICHEL MOORE, a public entity, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:22-CV-03106-HDV(AGRx)<br><br>**OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 3 TO EXCLUDE CERTAIN PORTIONS OF JON PELTZ'S MEDICAL RECORDS**<br><br>**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**<br><br>Hearing:<br><br>Date: April 24, 2025<br>Time: 10:00 a.m.<br>Ctrm.: 5B |

## I.   INTRODUCTION AND STATEMENT OF FACTS

This lawsuit arises from a protest that occurred on March 25, 2021 near Echo Park. After numerous acts of unlawful and assaultive conduct by protesters against police officers occurred, the protest was declared an unlawful assembly. Several amplified orders were given to the crowd to disperse, including specific directions to journalists such as Plaintiffs. Plaintiffs heard the orders but they did not obey.

After sufficient time had passed for persons to comply with the LAPD's

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4921-3771-9095 v1

1

Case No. 2:22-CV-03106-HDV(AGRx)
OPPOSITION TO PLAINTIFFS'
MOTION IN LIMINE NO. 3

dispersal order, the officers made the decision to detain and arrest those persons who refused to leave the area. (*See* Cal. Pen. Code § 409.) Plaintiffs were among the persons who were lawfully detained and arrested. Plaintiffs were detained for a few hours before being released.

Plaintiff Peltz claims that, as a result of Defendant's actions, he suffers from paranoia, anxiety, and PTSD. During discovery, Peltz untimely produced partial and redacted medical records which indicate that there are several other factors that have contributed to his longstanding and ongoing emotional issues. Peltz now seeks to exclude this relevant evidence.

## II.    ARGUMENT

### A.    Plaintiff did not Meet and Confer Regarding the Specific Aspects of His Medical Records that Plaintiff Seeks to Exclude From Trial and Plaintiff's Proposed Redactions Outlined in Red Go Far Beyond the Issues He Raised in His Motion in Limine Brief

Plaintiff Peltz raises in his motion five issues that he contends must be excluded: 1) family history, 2) alcohol habits, 3) mention of the conflict in Gaza, 4) psychotherapy records from several years (more than five) prior to the incident, and 5) consideration of filing an unrelated lawsuit. In the meet and confer process that preceded this motion, Plaintiff did not identify any of these categories of information or otherwise identify any specific aspect of Plaintiff Peltz's medical records that Plaintiff believes should be excluded from trial. Plaintiff's motion should be denied for this reason alone.

Additionally, Plaintiff represents that he made proposed redactions in support of his motion. Plaintiff's proposed redactions, however, go far beyond these five subjects. For example, Plaintiff also redacted information regarding: ▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇ (though redacted inconsistently), and several other topics and comments. Plaintiff also did not meet and confer regarding these additional

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4921-3771-9095 v1

2

Case No. 2:22-CV-03106-HDV(AGRx)
OPPOSITION TO PLAINTIFFS'
MOTION IN LIMINE NO. 3

1  proposed redactions, and he makes no argument as to why these additional proposed

2  redactions should be excluded from trial. On that basis alone, the Court should deny

3  these unaddressed proposed redactions.

4      **B.**    **<u>Defendant Is Entitled To Inquire About Alternative Sources Of</u>**

5      **<u>Emotional Distress Because Plaintiff Peltz Is Claiming Mental</u>**

6      **<u>Injury And Emotional Stress As A Result Of Defendant's Alleged</u>**

7      **<u>Misconduct</u>**

8         In support of his motion, Plaintiff cites only to general case law that relates to

9  the Rules of Evidence at issue in Plaintiff's motion. He fails to cite cases that

10  specifically address and support his arguments. The omission is telling. Courts have

11  *routinely* held that a defendant is entitled to present evidence about alternative

12  sources of emotional distress when a plaintiff is claiming that he or she is

13  experiencing mental injury and/or emotional stress as a result of the defendant's

14  alleged misconduct and that these alternative sources include mental health histories

15  and substance use. *Peraza v. Delameter,* 722 F.2d 1455, 1457 (9th Cir. 1984)

16  (finding the trial judge did not abuse discretion by admitting evidence prejudicial to

17  the plaintiff when it was relevant to his claim for damages to, among other things,

18  his psyche, which the plaintiff alleged he sustained as a result of police conduct);

19  *Conan v. City of Fontana*, 2017 WL 8941499, at *7 (C.D. Cal. Oct. 6, 2017, No.

20  EDCV 16-1261-KK) (denying motion in limine to exclude the plaintiff's prior drug

21  use and finding drug use "will be relevant to the issue of emotional damages");

22  *Morris v. Long*, 2012 WL 1498889, at *4 (E.D. Cal., Apr. 27, 2012, No. 1:08-CV-

23  01422-AWI) (denying the plaintiff's motion in limine to exclude evidence of his

24  mental health hospitalization and medical history because the plaintiff attributed

25  emotional distress to the defendant's misconduct and finding the plaintiff's "mental

26  health and medical histories may contain evidence to controvert the claim that [the

27  plaintiff's] emotional injuries were caused by [the d]efendant . . . Accordingly, the

28  Court finds the probative value of evidence of [the p]laintiff's mental health and

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Los Angeles

4921-3771-9095 v1               3               Case No. 2:22-CV-03106-HDV(AGRx)
OPPOSITION TO PLAINTIFFS'
MOTION IN LIMINE NO. 3

medical history substantially outweighs the danger of unfair prejudice . . ."); *Tobias v. City of Los Angeles*, 2018 WL 9669923, at *9 (C.D. Cal., Dec. 7, 2018, No. CV 17-1076 DSF (ASX)) (finding that if the plaintiff claimed he suffered emotional distress at trial, the defendants may present evidence that there were alternate sources of stress that caused this damage [including the plaintiff's "psychological disorders and state, past trauma, and drug and alcohol abuse"] and reaching this holding despite the plaintiff's representations that he did not intend to offer psychotherapy records or a mental health expert in support of his damages claim); *Peck v. County of Orange*, 2023 WL 11195794, at *3 (C.D. Cal., May 22, 2023, No. CV194654DSFAFMX) (finding the defendants may present evidence of other factors that may have contributed to the plaintiff's emotional distress, including the plaintiff's medical condition because "[e]vidence that a plaintiff's emotional distress may have been caused by other stressors in the plaintiff's life is admissible, even if such evidence is relevant only to emotional distress damages and not to liability. 'The case law recognizes that a plaintiff claiming emotional distress opens the door to evidence of other probable causes of [his or] her distress.' ") (quoting *Barten v. State Farm Mut. Auto. Ins. Co.*, No. CV-12-00399-TUC-CKJ, 2015 WL 1111147, at *2 (D. Az. June 17, 2015)); *Ioane v. Spjute*, 2016 WL 4524752, at *6 (E.D. Cal. Aug. 29, 2016, No. 1:07-CV-0620 AWI EPG) ("An alternate source of emotional distress is relevant.") (citation omitted); *Luna v. Cnty. of Los Angeles*, 2008 WL 11410093, at *5 (C.D. Cal. Sept. 25, 2008, No. CV 07-04715 SJO (JCx)) ("By claiming damages on account of emotional distress, a plaintiff makes evidence of 'other probable causes' of such distress relevant to the litigation.") (collecting cases); *Naff v. State Farm General Insurance Company,* 2016 WL 4095948, at *3 (E.D. Cal., Aug. 2, 2016, No. 1:15-CV-00515-JLT) (denying motion in limine because the defendant was entitled to present an "alternative cause for the plaintiffs' emotional distress"); *Castillo v. City of Los Angeles*, 2021 WL 8895084, at *5 (C.D. Cal. Dec. 13, 2021, No. 2:20-CV-04257-JAK-JC) (permitting discovery of "prior

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4921-3771-9095 v1

4

Case No. 2:22-CV-03106-HDV(AGRx)
OPPOSITION TO PLAINTIFFS'
MOTION IN LIMINE NO. 3

arrests/convictions, interactions with/other alleged mistreatment by law enforcement officers, and drug use" as relevant to "whether Plaintiff's asserted emotional distress damages were all caused by Defendants' alleged actions or whether other events not attributable to Defendants caused or contributed to causing such damages").

C. **The Topics Plaintiff Peltz Wishes to Exclude Are Highly Relevant To His Claim For Emotional Damages and Defendant Would Be Prejudiced If This Evidence is Excluded.**

Defendant should be allowed to present evidence of other factors that have contributed to Plaintiff Peltz's emotional distress, especially here, where the treatment records indicate the March 25, 2021 Incident was not a notable source of emotional distress for Peltz.

While Peltz claims that Defendant's actions on March 25, 2021 caused him paranoia from police, anxiety, and PTSD, █████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. See Plaintiffs' Ex. 1. Further, Peltz testified that his mental health treaters did not find that his pre-existing anxiety or paranoia increased due to the Incident. Ex. A at 127:17-128:3. Nor did they opine that he developed PTSD as a result of the Incident. *Id*.

Based on Peltz's *own comments* to his mental health treaters, █████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Los Angeles

4921-3771-9095 v1                              5                    Case No. 2:22-CV-03106-HDV(AGRx)
OPPOSITION TO PLAINTIFFS'
MOTION IN LIMINE NO. 3



### 1. Peltz's Family History

Defendant does not object to the exclusion of Peltz's family's mental health diagnoses. However, Peltz's descriptions of h███████████████████████████ ██████████████████████████████████████████, as reflected in his treatment records, and are therefore relevant under the authority cited above. Plaintiff does not support his contention that the probative value of this evidence is substantially outweighed by a danger unfair prejudice against him or even identify the claimed unfair prejudice.

### 2. Peltz's Drinking Habits

Plaintiff seeks to exclude reference to his drinking. However, based on the treatment records including Peltz's own comments, ███████████████████. Courts have repeatedly

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4921-3771-9095 v1

6

Case No. 2:22-CV-03106-HDV(AGRx)
OPPOSITION TO PLAINTIFFS'
MOTION IN LIMINE NO. 3

1  held that substance abuse may be introduced as an alternative source of stress when

2  a plaintiff is claiming emotional distress as a result of defendants' actions. *See*

3  *Tobias*, 2018 WL 9669923, at *9; *Conan*, 2017 WL 8941499, at *7, *Castillo*, 2021

4  WL 8895084, at *5.

5          **3.      Mentions of Gaza**

6          Plaintiff states in his brief that he wishes to exclude mention of Gaza, yet his

7  redactions cover much more and seek to exclude strife with family members.

8  Regardless, sensitive topics such as prior arrests and drug abuse have been allowed

9  when they speak to alternative sources of emotional distress. Plaintiff presents no

10  reason why this topic should be treated differently.

11          **4.      Medical History from Several Years Prior to the Incident**

12          Plaintiff argues that all mention of medical history from five years prior to the

13  incident or greater should be excluded from trial. This would mean that mention of

14  Plaintiff's ███████████████████████████████████████████████

15  ████████████████, would be excluded even though this medical history is highly

16  relevant because Plaintiff is claiming these conditions (or aggravation of the existing

17  conditions) were caused by the Incident. Plaintiff's prior mental health state serves

18  as a comparison to his current mental health state when determining the emotional

19  harm that was caused by Defendant's actions. Further, Plaintiff fails to mention that

20  he did not undergo mental health care for several years prior to the Incident, i.e.

21  reference to prior mental health care would necessarily have to date back several

22  years. Courts have denied motions in limine seeking to exclude mental health

23  history and diagnoses when a plaintiff claims defendant's actions caused emotional

24  distress. *See Tobias*, 2018 WL 9669923; *Morris*, 2012 WL 1498889 at *4.

25          **5.      Peltz's Consideration of Filing an Unrelated Lawsuit.**

26          One of Plaintiff's treatment records states ███████████████████████

27  ███████████████████████████████████████████Peltz claims that

28  mention of a potential, unrelated lawsuit would inflame the passions of the jury

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4921-3771-9095 v1                    7                    Case No. 2:22-CV-03106-HDV(AGRx)
OPPOSITION TO PLAINTIFFS'
MOTION IN LIMINE NO. 3

1  against him, but there is no support that this would be so incendiary. Further,

2  Plaintiff's argument that there is "no other information about this situation" should

3  not be considered because, for reasons stated below, Plaintiff wrongfully withheld

4  his treatment records until after his deposition, precluding defense counsel from

5  reviewing and asking questions about them. Lastly, the fact that Peltz was ████

6  ████████████████████████████████████████████████████

7  ████████████████████████████████████████████

8  ### D.    Defendant Should Be Given The Opportunity To Question Peltz

9  ### On The Impact These Factors Have On His Emotional State

10      Defendant served discovery many months before Plaintiff Peltz's deposition.

11  In his responses, Plaintiff did not disclose the names of his mental health treaters,

12  despite a request for all medical treaters. Ex. B. Moreover, Plaintiff did not timely

13  produce his mental health records, despite requests for documents in support of and

14  relating to his claimed emotional harm and distress and medical records and bills for

15  mental health treatment. Ex. C. Lastly, Plaintiff did not timely disclose the mental

16  health conditions he now claims were caused by Defendant's (paranoia, anxiety,

17  PTSD), despite a request for facts in support of his damages. Ex. B.

18      In other words, Defendant did not have any information before Peltz's

19  deposition regarding his claimed mental health issues. *After* Peltz's deposition, he

20  produced partial and redacted mental health records, and Defendant first became

21  aware of the factors which Peltz now seeks to exclude. Because Defendant did not

22  previously have these records, it could not question Peltz at deposition about any

23  impact these factors have on his mental or emotional stress, as compared to the

24  events on March 25, 2021. Peltz now claims that these factors are irrelevant and

25  wishes to exclude them. Peltz cannot withhold discovery until after his deposition,

26  precluding defense counsel from questioning him on these factors, and then claim

27  these factors are completely irrelevant. *See Cervantes v. Zimmerman* (S.D. Cal.,

28  Apr. 15, 2019, No. 17-CV-1230-BAS-NLS) 2019 WL 1598219, at *6 ("It would be

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4921-3771-9095 v1                    8                    Case No. 2:22-CV-03106-HDV(AGRx)
                                                          OPPOSITION TO PLAINTIFFS'
                                                          MOTION IN LIMINE NO. 3

1   unfair ... to permit a plaintiff claiming emotional distress to block discovery of facts

2   that may shed important light on whether any emotional distress actually was

3   suffered, ..., and whether any emotional distress was attributable, either in whole or

4   in part, to circumstances other than the alleged conduct of the defendant.") (quoting

5   *Zakrzewska v. New School*, No. 06 Civ. 5463 (LAK), 2008 WL 126594, at *2

6   (S.D.N.Y. Jan. 7, 2008)). Defendant should be allowed to question Peltz on the

7   impact these factors have on his emotional state.

8   **III.   CONCLUSION**

9       Based on the foregoing, Defendant respectfully requests that Plaintiffs'

10  Motion in Limine No. 3 be denied.

11

12  Dated:  April 17, 2025                    BURKE, WILLIAMS & SORENSEN, LLP

13

14

15                                 By:   /s/ Kyle Anne Piasecki

16                                      Charles E. Slyngstad
                                        Brian S. Ginter

17                                      Kyle Anne Piasecki
                                        Attorneys for Defendant

18                                      CITY OF LOS ANGELES

19

20

21                        **CERTIFICATE OF COMPLIANCE**

22      The undersigned counsel of record for Defendants certifies that this brief

23  contains 2,530 words, which complies with the word limit of L.R. 11-6.1.

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4921-3771-9095 v1                          9                    Case No. 2:22-CV-03106-HDV(AGRx)
                                                               OPPOSITION TO PLAINTIFFS'
                                                               MOTION IN LIMINE NO. 3

1

2
Dated: April 17, 2025                    BURKE, WILLIAMS & SORENSEN, LLP

3
                                          By:   /s/ Kyle Anne Piasecki
4
                                             Charles E. Slyngstad
5                                            Brian S. Ginter
                                             Kyle Anne Piasecki
                                             Attorneys for Defendant
6                                         CITY OF LOS ANGELES

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Los Angeles

4921-3771-9095 v1                         10              Case No. 2:22-CV-03106-HDV(AGRx)
                                                          OPPOSITION TO PLAINTIFFS'
                                                          MOTION IN LIMINE NO. 3

# EXHIBIT A

1              UNITED STATES DISTRICT COURT

2        CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

3

4    JONATHAN PELTZ and KATHLEEN    )
     GALLAGHER,                     )
5                                   )  2:22-CV-03106-HDV(AGRx)
                 Plaintiffs,        )
6                                   )
                                    )
7         v.                        )
                                    )
8    CITY OF LOS ANGELES, a         )
     municipal entity; CHIEF        )
     MICHEL MOORE, a public         )
9    entity, and DOES 1 through     )
     10, inclusive,                 )
10                                  )
                 Defendants.        )
11   _____)

12

13

14

15            DEPOSITION OF JONATHAN PELTZ

16                VIA VIDEOCONFERENCE

17            WEDNESDAY, JANUARY 24, 2024

18

19

20

21

22

23   Reported by:  JEANNETTE CORREIA, CSR No. 10994

24   File No.:  15737

25   PAGES:  1 - 149

PELTZ v CITY OF LA                          1/23/2024                          JONATHAN PELTZ

```
 1          A  They left their practice.

 2          Q  And did you say you found a replacement

 3   mental health treater?

 4          A  Yes.  Last year.

 5          Q  When in 2022 did you start seeing someone?

 6          A  I'd have to look it up.

 7          Q  Do you have a general estimate of beginning

 8   of the year? middle? end of the year?

 9          A  I think it was beginning of the year.

10          Q  And did you talk to them about the events of

11   March 25 specifically?

12          A  I can't recall if I ever talked directly

13   about it.  I may have said things more like I'm stressed

14   about things I work on or my reporting work, but I don't

15   know if I ever specifically -- I don't think I ever

16   specifically spoke about the events of March 25th.

17          Q  Okay.  So did they ever determine in their

18   professional opinions that your anxiety increased due to

19   the events of March 25?

20          A  No.

21          Q  And did they ever determine in their

22   professional opinion that you developed PTSD as a result

23   of the events of March 25?

24          A  No.

25          Q  And did they ever determine in their
```

1    professional opinion that you developed paranoia around

2    police as a result of the events around March 25?

3         A   No.

4         Q   Okay.  Can I get the name of your treater

5    that you started seeing in 2022?

6         A   Could I look it up?

7         Q   Yes.  Yeah.

8         A   His name is Kenneth D'Oyen.

9         Q   Sorry.  Did you say Kevin?

10        A   Kenneth.

11        Q   Kenneth.  O-D?

12        A   Sorry.  It's D'O-y-e-n.

13        Q   And what facility did he work for?

14        A   LifeStance Health.

15        Q   Life stands, s-t-a-n-d-s?

16        A   S-t-a-n-c-e.

17        Q   Stance.

18            And when did you start seeing a new treater?

19        A   Looking it up.  I believe October of last

20   year.

21        Q   And what's his name?

22        A   Her name is Angela Goddard.

23        Q   G-o-d-d-a-r-d?

24        A   Yeah.  Correct.

25        Q   And who is she with?

1                    REPORTER'S CERTIFICATE

2

3          I, JEANNETTE CORREIA, CSR No. 10994, Certified

4    Shorthand Reporter, certify:

5          That the foregoing proceedings were taken

6    before me at the time and place therein set forth, at

7    which time the witness was put under oath by me;

8          That the testimony of the witness, the

9    questions propounded, and all objections and statements

10   made at the time of the examination were recorded

11   stenographically by me and were thereafter transcribed;

12         That the foregoing is a true and correct

13   transcript of my shorthand notes so taken.

14         I further certify that I am not a relative or

15   employee of any attorney of the parties, nor financially

16   interested in the action.

17         I declare under penalty of perjury under the

18   laws of California that the foregoing is true and

19   correct.

20

21         Dated this Twenty-Ninth day of January 2024

22

23                    _Jeannette Correia_
                      _____

24                    JEANNETTE CORREIA
                      C.S.R. No. 10994
25

# EXHIBIT B

Dan Stormer, Esq. [S.B. #101967]
Hanna Chandoo, Esq. [S.B. #306973]
HADSELL STORMER RENICK & DAI LLP
128 N. Fair Oaks Avenue
Pasadena, California 91103
Telephone: (626) 585-9600
Facsimile: (626) 577-7079
Emails: dstormer@hadsellstormer.com
        hchandoo@hadsellstormer.com

Susan E. Seager, Esq. [S.B. #204824]
Jack Lerner, Esq. [S.B. #220661]
UC Irvine School of Law
Intellectual Property, Arts & Technology Clinic
Press Freedom Project
P.O. Box 5479
Irvine, CA 92616-5479
Telephone: (949) 824-5447
Facsimile: (949) 824-2747
Emails: sseager1.clinic@law.uci.edu
        jlerner@law.uci.edu

Attorneys for Plaintiffs
JONATHAN PELTZ and KATHLEEN GALLAGHER

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| JONATHAN PELTZ and KATHLEEN GALLAGHER,<br><br>           Plaintiff,<br><br>    vs.<br><br>CITY OF LOS ANGELES, a municipal entity, CHIEF MICHEL MOORE, a public entity, and DOES 1 through 10 inclusive,<br><br>           Defendants. | Case No.: 2:22-cv-03106 HDV (AGRX)<br><br>[Assigned to the Honorable Hernán D. Vera - Courtroom 5B]<br><br>**PLAINTIFF JONATHAN PELTZ'S RESPONSES AND OBJECTIONS TO DEFENDANT CITY OF LOS ANGELES'S INTERROGATORIES (SET ONE)**<br><br>Complaint Filed:    May 9, 2022<br>Trial:             Sept. 24, 2024 |

requested level of detail.  In addition, Plaintiff objects to this interrogatory because the information it seeks is equally available to Defendant.  Without waiving these objections, Plaintiff responds as follows:

Plaintiff was standing in the middle of Lemoyne Street, between Park Avenue and Sunset Boulevard near Angelus Temple.  Discovery is ongoing and Plaintiff reserves his right to supplement this response.

**INTERROGATORY NO. 2:**

Please IDENTIFY all PERSONS who have knowledge of where YOU were at the time of YOUR arrest in connection with the INCIDENT.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff objects to this interrogatory on the grounds that it is vague and ambiguous, including because it contains uncertain or undefined terms, such as "in connection with the INCIDENT."  Without waiving these objections, Plaintiff responds as follows:

Plaintiff has identified all persons he can presently recall who have or may have such knowledge in his Initial and Supplemental Rule 26 Disclosures.  Should Plaintiff recall additional persons, he will further supplement his Rule 26 Disclosures accordingly.  Discovery is ongoing and Plaintiff reserves his right to supplement this response.

**INTERROGATORY NO. 3:**

Please DESCRIBE WITH PARTICULARITY the events leading up to YOUR arrest in connection with the INCIDENT.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff incorporates the preliminary statement and general objections set forth above.  Plaintiff objects to this interrogatory on the grounds that it is vague and ambiguous, including because it contains uncertain or undefined terms, such as "events," "leading up to," and "in connection with the INCIDENT."  In addition, Plaintiff objects to this interrogatory because the information it seeks is equally available to Defendant.

1    Without waiving these objections, Plaintiff responds as follows:

2           On the early evening of March 25, 2021, Plaintiff arrived near Echo Park Lake to

3    report about a public demonstration protesting the LAPD's plan to forcibly remove

4    dozens of unhoused people living in tents along the shores of the lake.  Plaintiff was

5    working (and still works) as a reporter, photographer, and videographer for Knock LA,

6    an independent, nonprofit news website covering Southern California.  Prior to

7    March 25, 2021, Knock LA editors had assigned Plaintiff and Kate Gallagher to report

8    on the demonstration and the events inside the park.  Plaintiff was blocked from

9    reaching the lake by a line of protestors, who were in turn blocked by a skirmish line of

10   LAPD officers standing approximately 50 feet from the lake and blocking Lemoyne

11   Street.  Plaintiff stood on the Lemoyne Street sidewalk near Angelus Temple to observe

12   and report about the protest and LAPD officers' actions for Knock LA.  Plaintiff live

13   tweeted photographs, videos, and information of the demonstration through his Twitter

14   account.  In addition, he was filming and interviewing participants and posting other

15   updates on his social media accounts.

16          At approximately 5:30 p.m., LAPD directed the protestors to get off the corner of

17   Echo Park & Lemoyne and LAPD officers established skirmish lines around the lake.

18   Plaintiff saw social media posts from people who were not employed by LAPD stating

19   that the LAPD had issued a dispersal order, but he did not hear any LAPD officer give a

20   dispersal order.  By around 7:30 p.m., a group of about 200 protestors had gathered on

21   Lemoyne Street.  The protestors were chanting, but Plaintiff did not witness any

22   violence or unruly behavior.  At approximately 7:45 p.m., Plaintiff heard LAPD officers

23   say something on a loudspeaker but could not make out the contents of the message.

24          At approximately 8:10 p.m., Plaintiff heard LAPD officers say, "Members of the

25   media and the National Lawyers Guild disperse now."  Plaintiff did not hear the LAPD

26   declare an unlawful assembly and did not observe any indication that anything criminal

27   or violent was occurring in the existing assembly.  Plaintiff, along with other journalists

28   and photojournalists, stood on the sidewalk on Lemoyne Street behind the LAPD

skirmish line, several hundred feet from the lake.  Plaintiff stayed out of the LAPD officers' way and did not interfere with their actions.  Other journalists and photojournalists remained on the sidewalk.  Protestors began to move away from the police, backwards from the lake and towards Sunset Boulevard.

In response, Plaintiff and the other journalists began walking towards the Sunset Boulevard side of Lemoyne Street and stood near Angelus Temple.  At approximately 8:20 p.m., a group of LAPD officers rushed out of an alley, blocking that side of Lemoyne Street so that no one could leave.  The LAPD officers formed two skirmish lines and kettled Plaintiff, the other journalists, and protestors between the two skirmish lines of officers.  Despite ordering the public to leave, LAPD officers kettled the protestors and journalists and prevented them from leaving the area.  Plaintiff repeatedly identified himself as a member of the media and saw other reporters identify themselves as members of the media, but he was not allowed to pass.  Plaintiff walked to the other side of Lemoyne Street and, again, identified himself as a member of the media and saw other reporters identify themselves as members of the media, but, again, he was not allowed to pass.

The LAPD officers became aggressive and began conducting mass arrests of the kettled protestors and journalists while firing "less lethal" munitions into the crowd.  Plaintiff felt threatened and as though the officers were trying to intimidate him and the other journalists into leaving under threat of arrest, even though they had a constitutional right to continue reporting on the demonstration.  When Plaintiff saw LAPD officers begin arresting members of the media, he contacted his editor Liam Fitzpatrick and told Mr. Fitzpatrick that he and Ms. Gallagher would likely be arrested.

LAPD officers pulled Plaintiff out of the crowd.  Again, he identified himself as a member of the press.  LAPD Officer Timothy Wolleck (Serial No. 35468) grabbed Plaintiff and sat him down on a stoop at the end of Lemoyne Street next to Los Angeles Times staff reporter James Queally.  Plaintiff identified himself as a member of the press and was wearing Knock LA's red T-shirt with its white logo of a raised fist.  Officer

Wolleck ignored Plaintiff, bound Plaintiff's wrists behind his back with plastic zip ties, patted him down, and confiscated his cell phone and other belongings. When Plaintiff asked Officer Wolleck the reason for his arrest, Officer Wolleck admitted that he did not know the reason. Plaintiff repeatedly told Officer Wolleck that he was a member of the press.

Officer Wolleck gave Plaintiff a card to fill out his personal information. One field on the card asked Plaintiff to state his profession. Once again, Plaintiff told Officer Wolleck that he was a member of the press. Officer Wolleck then took Plaintiff to Park Avenue to wait in line to board a bus that would take Plaintiff to jail, along with other members of the press who had been arrested. Plaintiff waited in line next to Kate Gallagher. An LAPD officer commented on the fact that Plaintiff and Ms. Gallagher were wearing matching shirts. Plaintiff replied, "We are both journalists for Knock LA." Plaintiff was among at least 14 journalists who were arrested or detained while documenting demonstrations near Echo Park Lake on March 25, 2021.

Plaintiff was forced onto the bus. The LAPD officers did not enforce COVID-19 protocols on the buses. Many detainees were not wearing masks properly and were unable to properly mask due to being bound.

Plaintiff arrived at the LAPD's Metropolitan Detention Center at around 10:00 p.m., where he remained in a cold garage, standing and with his hands zip tied behind his back until his release. Plaintiff's zip ties were too tight. He asked LAPD Officer Delano Hutchins (Serial No. 40288) to loosen his zip ties and told Officer Hutchins that his hands were numb. Officer Hutchins refused to loosen Plaintiff's zip ties. Plaintiff repeatedly complained about the tightness of the zip ties until, at least an hour later, another officer agreed to replace them.

LAPD officers released Plaintiff at 12:30 a.m. on March 26, 2021, about four hours after his unlawful arrest. During the incident, Plaintiff repeatedly stated that he was a member of the press. Knock LA also identified Plaintiff and Ms. Gallagher as journalists on its social media account. In addition, Mr. Queally of the Los Angeles

Times called for Plaintiff's release on social media. Despite all of this, Plaintiff was not allowed to leave the scene and no LAPD officer acknowledged Plaintiff's status as a member of the press.

Although Plaintiff and 181 others received citations for allegedly violating California Penal Code § 409 (failure to disperse) on March 25, 2021, Los Angeles City Attorney Michael Feuer stated his office would not press charges against any of them, stating, "These peaceful protesters did not threaten public safety and it would not be in the interest of justice to prosecute them." The LAPD has initiated twelve personnel complaints regarding its officers' conduct at the Echo Park Lake protests.

Defendants' conduct resulted in the violation of Plaintiff's rights and caused his damages. Plaintiff's arrest prevented him from reporting on the demonstration and performing his job as a journalist. Plaintiff seeks compensatory damages for his emotional, physical, and economic harms, punitive damages against the individually named defendants, and injunctive and declaratory relief.

Plaintiff incorporates by reference the allegations in his Second Amended Complaint. Discovery is ongoing and Plaintiff reserves his right to supplement this response.

**INTERROGATORY NO. 4:**

Please IDENTIFY all PERSONS who have knowledge of any fact stated in response to Interrogatory No. 3.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff objects to this interrogatory on the grounds that it is vague and ambiguous, including because it contains uncertain or undefined terms, such as "knowledge," requests a list of "all PERSONS" even though a more reasonable and limited inquiry would suffice to show the pertinent information requested, and seeks information that is equally available to Defendant. Without waiving these objections, Plaintiff responds as follows:

Plaintiff has identified all persons he can presently recall who have or may have

1    Please DESCRIBE WITH PARTICULARITY all facts in support of YOUR claim

2  for negligence, as alleged in YOUR Second Amended Complaint.

3  **RESPONSE TO INTERROGATORY NO. 12:**

4    Plaintiff incorporates the preliminary statement and general objections set forth

5  above.  Plaintiff objects to this interrogatory on the grounds that it calls for a legal

6  conclusion and is vague and ambiguous, including because it characterizes, instead of

7  quoting, the claims in Plaintiff's Second Amended Complaint.  Without waiving these

8  objections, Plaintiff responds as follows:

9    Plaintiff incorporates by reference his response to Defendant's interrogatory no. 3.

10  **INTERROGATORY NO. 13:**

11    Please DESCRIBE WITH PARTICULARITY all facts in support of YOUR claim

12  for false arrest/false imprisonment, as alleged in YOUR Second Amended Complaint.

13  **RESPONSE TO INTERROGATORY NO. 13:**

14    Plaintiff incorporates the preliminary statement and general objections set forth

15  above.  Plaintiff objects to this interrogatory on the grounds that it calls for a legal

16  conclusion and is vague and ambiguous, including because it characterizes, instead of

17  quoting, the claims in Plaintiff's Second Amended Complaint.  Without waiving these

18  objections, Plaintiff responds as follows:

19    Plaintiff incorporates by reference his response to Defendant's interrogatory no. 3.

20  **INTERROGATORY NO. 14:**

21    IDENTIFY all HEALTH CARE PROVIDERS who have provided you with

22  treatment of any kind since the INCIDENT.

23  **RESPONSE TO INTERROGATORY NO. 14:**

24    Plaintiff incorporates the preliminary statement and general objections set forth

25  above.  Plaintiff objects to this interrogatory to the extent it seeks information that is

26  protected by Plaintiff's right to privacy and the physician-patient and/or psychotherapist-

27  patient privilege.  In addition, Plaintiff objects that this interrogatory is overbroad

28  because it seeks information about treatment "of any kind," without specifically seeking

treatment that has a relationship to the allegations in Plaintiff's operative complaint. Plaintiff further objects to the extent this interrogatory seeks an expert opinion and is, thus, premature. Without waiving these objections, Plaintiff responds as follows:

Dareen Khalaf, MD, Quick Stop Urgent Care, Quick Stop Urgent Care, 1445 N La Brea Ave, Los Angeles, CA 90028. Plaintiff will supplement these responses to identify additional relevant health care providers. Discovery is ongoing and Plaintiff reserves his right to supplement this response.

**INTERROGATORY NO. 15:**

DESCRIBE WITH PARTICULARITY all facts in support of the claims for damage YOU make in this action.

**RESPONSE TO INTERROGATORY NO. 15:**

Plaintiff incorporates the preliminary statement and general objections set forth above. Plaintiff objects to this interrogatory on the grounds that it calls for a legal conclusion. Without waiving these objections, Plaintiff responds as follows:

Plaintiff incorporates by reference his response to Defendant's interrogatory no. 3.

**INTERROGATORY NO. 16:**

IDENTIFY all DOCUMENTS that support YOUR claims for damage in this action.

**RESPONSE TO INTERROGATORY NO. 16:**

Plaintiff incorporates the preliminary statement and general objections set forth above. Plaintiff objects to this interrogatory on the grounds that it calls for a legal conclusion, is premature, in light of the early stage of discovery in this case, and is unduly burdensome. Without waiving these objections, Plaintiff responds as follows:

Plaintiff identifies P 0001 through P 0487. Discovery is ongoing and Plaintiff reserves his right to supplement this response.

**INTERROGATORY NO. 17:**

IDENTIFY all persons who YOU contend have knowledge of the facts that YOU contend support YOUR claims for damage in this action.

1

**VERIFICATION**

2

3        I am a plaintiff in the above-captioned matter.  I am familiar with the contents of the foregoing

4   **PLAINTIFF JONATHAN PELTZ'S RESPONSES AND OBJECTIONS TO DEFENDANT**

5   **CITY OF LOS ANGELES'S INTERROGATORIES (SET ONE)**.  The information supplied

6   therein is based on my own personal knowledge and/or has been supplied by my attorneys or other

7   agents and is therefore provided as required by law.  The information contained in the foregoing

8   document is true, except as to the matters which were provided by my attorneys or other agents, and,

9   as to those matters, I am informed and believe that they are true.

10

11       I declare under penalty of perjury under the laws of the California and of the United States that

12  the foregoing is true and correct.

13

14  Executed on _____July 26, 2023_____ at _____Los Angeles, California_____.

15

16

17  _____

18                      Jonathan Peltz

19

20

21

22

23

24

25

26

27

28

# EXHIBIT C

Dan Stormer, Esq. [S.B. #101967]
Hanna Chandoo, Esq. [S.B. #306973]
HADSELL STORMER RENICK & DAI LLP
128 N. Fair Oaks Avenue
Pasadena, California 91103
Telephone: (626) 585-9600
Facsimile: (626) 577-7079
Emails: dstormer@hadsellstormer.com
          hchandoo@hadsellstormer.com

Susan E. Seager, Esq. [S.B. #204824]
Jack Lerner, Esq. [S.B. #220661]
UC Irvine School of Law
Intellectual Property, Arts & Technology Clinic
Press Freedom Project
P.O. Box 5479
Irvine, CA 92616-5479
Telephone: (949) 824-5447
Facsimile: (949) 824-2747
Emails: sseager1.clinic@law.uci.edu
          jlerner@law.uci.edu

Attorneys for Plaintiffs
JONATHAN PELTZ and KATHLEEN GALLAGHER

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

|  |  |
|---|---|
| JONATHAN PELTZ and KATHLEEN GALLAGHER,<br><br>        Plaintiff,<br><br>    vs.<br><br>CITY OF LOS ANGELES, a municipal entity, CHIEF MICHEL MOORE, a public entity, and DOES 1 through 10 inclusive,<br><br>        Defendants. | Case No.: 2:22-cv-03106 HDV (AGRX)<br><br>[Assigned to the Honorable Hernán D. Vera - Courtroom 5B]<br><br>**PLAINTIFF JONATHAN PELTZ'S RESPONSES AND OBJECTIONS TO DEFENDANT CITY OF LOS ANGELES'S REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE)**<br><br>Complaint Filed:    May 9, 2022<br>Trial:    Sept. 24, 2024 |

privilege, the attorney work product doctrine, or by any other protection afforded by law. Plaintiff further objects on the grounds that each document request seeks information which is protected by the right to privacy of Plaintiff and third parties as guaranteed under the California and the United States Constitutions, and as recognized by the federal courts.  Finally, Plaintiff objects to these document requests to the extent they seek the information in the custody of, generated by, maintained by, or previously produced or disclosed by Defendants in this action.

Plaintiff does not waive these privileges and protections and does not intend to provide information protected by them.  Any inadvertent production of protected information is not intended to waive any such privilege or protection as to any documents or information.  Plaintiff objects to each document request to the extent that it purports to impose obligations upon him beyond those set forth in the Federal Rules of Civil Procedure.  Plaintiff's responses are made pursuant to and as limited by the Rules of Civil Procedure.

Plaintiff's investigation and preparation for trial are not complete.  He reserves the right to amend or supplement his responses to the extent dictated by his discovery of additional information and/or documents.

Counsel's signature below is for purpose of making the legal objections raised in these responses and for no other purpose.

### III.    RESPONSES AND OBJECTIONS TO REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS that YOU contend support any of the damages YOU seek against the CITY, including, without limitation, any DOCUMENTS that RELATE TO the loss of income, earning capacity, physical injuries, and emotional harm that YOU allege in this lawsuit that YOU have suffered.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Plaintiff incorporates the preliminary statement and general objections set forth above.  Plaintiff objects to this request on the grounds that it is vague and ambiguous,

including because it contains uncertain or undefined terms, such as "support." Without waiving these objections, Plaintiff responds as follows:

Plaintiff will produce relevant, non-privileged documents to the extent they exist and are located within Plaintiff's custody, possession, or control after a reasonable search. Discovery is ongoing and Plaintiff reserves his right to supplement this response.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS that RELATE TO any medical services that YOU have received from any HEALTH CARE PROVIDER to treat the physical injuries and emotional distress that YOU allege in this lawsuit that YOU have suffered.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Plaintiff incorporates the preliminary statement and general objections set forth above. Plaintiff objects to this request on the grounds that it is vague and ambiguous, including because it contains uncertain or undefined terms, such as "medical services." In addition, Plaintiff objects to this request to the extent it seeks information that is protected by Plaintiff's right to privacy and the physician-patient and/or psychotherapist-patient privilege. Plaintiff further objects to the extent this request seeks an expert opinion and is, thus, premature. Without waiving these objections, Plaintiff responds as follows:

Plaintiff will produce relevant, non-privileged, responsive documents to the extent they exist and are located within Plaintiff's custody, possession, or control after a reasonable search. Discovery is ongoing and Plaintiff reserves his right to supplement this response.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS that constitute medical records, notes, prescriptions, or bills created by any HEALTH CARE PROVIDER that RELATE TO YOUR contention in this lawsuit that YOU suffered physical injuries and emotional distress.

/ / /

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Plaintiff incorporates the preliminary statement and general objections set forth above.  Plaintiff objects to this request on the grounds that it is vague and ambiguous, including because it contains uncertain or undefined terms, such as "notes."  In addition, Plaintiff objects to this request to the extent it seeks information that is protected by Plaintiff's right to privacy and the physician-patient and/or psychotherapist-patient privilege.  Plaintiff further objects to the extent this request seeks an expert opinion and is, thus, premature.  Without waiving these objections, Plaintiff responds as follows:

Plaintiff will produce relevant, non-privileged, responsive documents to the extent they exist and are located within Plaintiff's custody, possession, or control after a reasonable search.  Discovery is ongoing and Plaintiff reserves his right to supplement this response.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS reflecting or RELATING TO any amounts YOU paid for medical care, medications or any other medical treatment that are RELATED TO YOUR contention in this lawsuit that YOU suffered from physical injuries and emotional distress.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Plaintiff incorporates the preliminary statement and general objections set forth above.  Plaintiff objects to this request on the grounds that it is vague and ambiguous, including because it contains uncertain or undefined terms, such as "notes."  In addition, Plaintiff objects to this request to the extent it seeks information that is protected by Plaintiff's right to privacy and the physician-patient and/or psychotherapist-patient privilege.  Plaintiff further objects to the extent this request seeks an expert opinion and is, thus, premature.  Without waiving these objections, Plaintiff responds as follows:

Plaintiff will produce relevant, non-privileged, responsive documents to the extent they exist and are located within Plaintiff's custody, possession, or control after a reasonable search.  Discovery is ongoing and Plaintiff reserves his right to supplement

above.  Without waiving these objections, Plaintiff responds as follows:

Plaintiff will produce relevant, non-privileged, responsive documents to the extent they exist and are located within Plaintiff's custody, possession, or control after a reasonable search.  Discovery is ongoing and Plaintiff reserves his right to supplement this response.

Dated: July 26, 2023                    Respectfully Submitted,

HADSELL STORMER RENICK & DAI LLP

By: _____
        Dan Stormer
        Hanna Chandoo
Attorneys for Plaintiffs JONATHAN PELTZ and KATHLEEN GALLAGHER